# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SAGE PRODUCTS, LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**BECTON, DICKINSON AND COMPANY,**<br><br>    **Defendant.** | Civ. No. 20-8000 (KM) (JBC)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Sage Products, LLC brought this case in 2020, alleging that the defendant, Becton, Dickinson and Company ("BD"), infringed two of its patents related to sterilized chlorhexidine gluconate ("CHG") topical antiseptic products. In January 2022, the Patent Trial and Appeal Board ("PTAB") issued an institution decision as part of its *inter partes* review ("IPR") of the patents at issue, finding that BD had a reasonable likelihood of prevailing. BD now moves to stay this case in favor of the IPR proceedings. (DE 67.)[1]

For the following reasons, BD's motion to stay (DE 67) is **GRANTED**.

## I.   BACKGROUND

I write primarily for the parties and assume a familiarity with the facts of the case. Sage filed this case in July 2020, alleging that BD's ChloraPrep product line infringes two of its patents: U.S. Patent Nos. 10,398,642 and 10,688,067. Discovery has begun and opening *Markman* briefs were filed in August 2021 and responsive briefs in October 2021. (DE 39, 40, 48, 49.) On June 30, 2021, BD filed an IPR petition at PTAB, challenging the validity of the

---

[1]   Certain citations to the record are abbreviated as follows:

   DE = docket entry

   Mot. = BD's Motion to Stay (DE 67-1)

   Opp. = Sage's Opposition to BD's Motion to Stay (DE 69)

two patents. (DE 38.) On January 11, 2022, the PTAB issued a decision, determining that BD was likely to succeed in its challenge of Sage's patents and thus instituting a review and trial with regard to all claims. (DE 64.) The PTAB must issue its ruling by January 11, 2023. (Mot. at 11.)

After PTAB decided to take up the case, BD moved to stay. (DE 67.) Sage filed a brief in opposition in which it consented to a stay on all issues except for certain outstanding discovery requests. (Opp. at 3-6.) BD filed a reply (DE 71.) This motion is fully briefed and ripe for decision.

## II.  LEGAL STANDARDS

It has been long established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In the context of patent cases, courts have "consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent." *Procter & Gamble v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008). Courts in this District "have noted a generally liberal policy toward granting stays pending patent reexamination by the PTO." *Mondis Tech. Ltd. v. LG Elecs., Inc.*, No. 15CV4431SRCCLW, 2015 WL 7012747, at *5 (D.N.J. Nov. 12, 2015).

## III.  DISCUSSION

Sage has consented to the stay as to all issues except for a set of outstanding document production requests. The case will thus be stayed pending the resolution of the IPR proceedings, and the only issue left for me to determine is whether that stay will be complete or will exempt certain pending discovery requests. Although it is within my power to issue a partial stay, *see Whatley v. Nike Inc.*, No. CV 98-963-AS, 2000 WL 370529, at *3 (D. Or. Feb. 8, 2000), I will not do so. I find that the stay should apply to all discovery.

The parties differ over who is to blame for the unfulfilled discovery requests, but it is important to remember that fact discovery had been extended by Judge Clark until February 28, 2022. (DE 58.) Thus, if the PTAB

decision had not intervened, BD would not yet have run afoul of that deadline in any event.

In its brief, Sage portrays its discovery requests as narrow, but I disagree. (Opp. at 2.) I do not say that the requests are *inappropriately* broad, but they are wide-ranging, and would entangle the court in a litigation which, at least for the present, is before the PTAB.

The email to which Sage refers in its brief requests a broad and open-ended set of documents. (*Id.* at 4.) The email from Sage's Attorney to BD's attorney claims that BD promised to provide responses, answers to interrogatories, and responsive documents by December 24, 2021 in nine different categories. (Opp., ex. 6 at 6.) Those requests range from providing deposition dates for certain witnesses, to a request to "[p]roduce documents related to BD's acquisition of CareFusion and the ChloraPrep line, including documents related to valuation." (*Id.*) In addition, Sage requests that BD supplement its responses to six different interrogatories and gives detailed explanations of the additional responses requested. (*Id.* at 7.) Sage is not merely requesting that BD provide a few extra documents or deal with a few pieces of unfinished business; rather, it appears that if I grant Sage's request and allow discovery to move forward after the case was otherwise stayed, BD would be required to turn over thousands of additional documents, while Sage would turn over nothing. Continuation of such open-ended discovery would operate at the expense of the efficiencies served by my grant of the stay.

Sage argues that there is a reasonable chance that the IPR proceedings will not resolve all of the issues, and that this case will thus continue after the PTAB issues its ruling. (Mot. at 5.) Because of this, Sage argues that it will be prejudiced by BD's failure to complete outstanding discovery requests and that producing documents now will prevent delay later. I disagree. First, Sage's prejudice arguments are speculative. It is entirely possible that the PTAB decision will resolve the case in its entirety and that any additional discovery here will be rendered irrelevant. In addition, the likelihood that documents will be destroyed or witnesses will be unavailable after the stay is lessened by the

fact that the IPR proceedings will continue, and undoubtedly many of the same responsive documents that would have been turned over here will be located and turned over in the IPR proceedings.

Finally, Sage cites a small number of cases in support of its request to allow certain discovery to continue after the stay. These cases, however, are readily distinguishable from the situation in this case. In *Document Dynamics, LLC v. Xerox Corp.*, for example, the court allowed fact discovery to continue despite a stay in favor of a PTO reexamination, because it found that Xerox had unjustifiably delayed progress in the infringement case for several years. No. 20-CV-6519W, 2021 WL 2009897, at *7 (W.D.N.Y. May 20, 2021); *see also In re Laughlin Prod.*, Inc., 265 F. Supp. 2d 525, 531-32, 538 (E.D. Pa. 2003) (partially staying a case due to plaintiff's unjustifiable delay in seeing reexamination). Here, despite allegations that BD was unresponsive to Sage's discovery requests, there are no comparable allegations that BD has engaged in unjustifiable or egregious delay. The decision about whether to issue a full or partial stay remains within my sound discretion, but I see no compelling reason to allow discovery to continue after a stay. I therefore will stay this case in its entirety pending the resolution of the PTAB proceedings.

## IV.   CONCLUSION

For the reasons set forth above, BD's motion to stay this case is **GRANTED** in its entirety.

A separate order will issue.

Dated: February 18, 2022

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty
United States District Judge**